AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
District of New Mexico

| | |
|---|---|
| United States of America<br>v.<br>Eric Garcia<br>year of birth 1980<br><br>*Defendant(s)* | )<br>)<br>) Case No. **21 MJ 328**<br>)<br>)<br>)<br>) |

FILED
United States District Court
Albuquerque, New Mexico

Mitchell R. Elfers
Clerk of Court

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __March 9, 2021__ in the county of __Mckinley__ in the
_____ District of __New Mexico__ , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 USC §1153 | Offenses committed in Indian Country |
| 18 USC §1111(a) | Murder |

This criminal complaint is based on these facts:
See attached affidavit.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Mark Spencer, Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.
Telephonically and submitted via email

Date: __March 10, 2021__

_____
*Judge's signature*

City and state: __Farmington, NM__   B. Paul Briones, U.S. Magistrate Judge
*Printed name and title*

AFFIDAVIT IN SUPPORT OF
CRIMINAL COMPLAINT

I, Mark Spencer, being duly sworn, state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1. This affidavit is made in support of a Criminal Complaint and an application for an Arrest Warrant for ERIC GARCIA, year of birth 1980.

2. I am a Special Agent with the Federal Bureau of Investigation ("FBI"), and have been so employed since May 2018. I am currently assigned to the Albuquerque Field Office, Gallup Resident Agency. My primary duties as a Special Agent with the FBI include investigating crimes occurring in Indian Country. I have gained experience in the conduct of such investigations through previous case investigations, formal training, and in consultation with law enforcement partners in local, state and federal law enforcement agencies. As a Federal Agent, I am authorized to investigate violations of the laws of the United States and have authority to execute arrest and search warrants issued under the authority of the United States.

3. This affidavit is based upon my personal knowledge, and upon information reported to me by other federal, state, and local law enforcement officers during the course of their official duties, all of whom I believe to be truthful and reliable. Throughout this affidavit, reference will be made to law enforcement officers. Law enforcement officers are those federal, state, and local law enforcement officers who have directly participated in this investigation, and with whom your affiant has had regular contact regarding this investigation. This affidavit is also based upon information gained from interviews with cooperating citizen witnesses, whose reliability is established separately herein.

4. Based on my training, experience, and the facts a set forth in this affidavit, I believe there is probable cause that violations of 18 U.S.C. §§1153 – Offenses committed within Indian country, and 1111(a) – Murder was committed by GARCIA.

5. Because this affidavit is submitted for the limited purpose of securing authorization for a Criminal Complaint and Arrest Warrant, I have not included each and every fact known to me concerning this investigation. This affidavit is intended to show that there is sufficient probable cause for the requested warrant.

## PROBABLE CAUSE

6. On March 9, 2021, at approximately 2:00 am, Navajo Police Department notified the FBI of a stabbing incident that occurred on March 9, 2021.

7. On March 9, 2021, at approximately 12:44 AM, Navajo Police Department received a request for officers at RA 22 52 Rte. 49, Smith Lake, NM in reference to an individual laying on the floor bleeding. When officers arrived on scene, officers made contact with R.L., hereinafter referred to as John Doe, year of birth 1957. John Doe was bleeding from his chest, abdominal area, and neck. John Doe was pronounced deceased at approximately 1:19 AM by emergency paramedics.

8. P. E. (hereinafter referred to as Witness 1, year of birth 1966, was interviewed by FBI at the scene. Witness 1 said she, John Doe and GARCIA had been drinking inside the house. John Doe wanted GARCIA to leave and a conflict happened. Witness 1 one saw GARCIA with a knife and GARCIA was stabbing John doe. Witness 1 ran outside and saw M.L., (hereinafter referred to as Witness 2), year of birth 1950, and asked her to call the police.

9. Witness 2 was interviewed at the scene by FBI. On 3/9/2021 at around 12:00 AM Witness 2 heard a noise and went outside. She saw Witness 1 asking for help and telling Witness

2 to call the police. Witness 2 went to the house where John Doe was and saw GARCIA standing over him. Witness 2 left and told another family member about what happened and called the police. GARCIA left before Witness 2 returned.

10. Navajo Police department received information that GARCIA lived approximately ½ mile always across the main road. While in route to GARCIA's residence M.M., (hereinafter referred to as Witness 3), year of birth 63, was seen driving away from the road to leading to GARCIA's residence. Witness 3 was interviewed by FBI. Witness 3 said GARCIA lived in a shed to the south of the main house and that GARCIA had come home around 1:00 AM and made a commotion. This was not the first time this had happened and Witness 3 did not pay attention to it.

11. Navajo Police Department (NPD) knocked on the door of GARCIA. GARCIA opened the door and had what appeared to be blood his hands, pants, and boots. GARCIA was taken into custody by NPD. FBI contacted a U.S. Magistrate Jude and received authorization for a verbal search warrant of GARCIA's residence. A search was conducted and a knife that appeared to have blood on it was discovered inside the residence.

12. GARCIA was interviewed by the FBI and NPD on March 9, 2021 at the Crownpoint Police Department. Garcia was advised of his Miranda Rights and agreed to be interviewed without an attorney. GARCIA stated that he was drinking at John Doe and Witness 1's house, located at 22 52 Rte. 49, Smith Lake, NM. They started drinking outside by the trees but eventually went to the house. GARCIA helped make some food and John Doe gave GARCIA a sharp knife to peel the potatoes. After a time, John Doe told GARCIA to leave. GARCIA did not want to leave. John Doe continued to tell GARCIA to leave but GARCIA did not want to. John Doe and GARCIA began yelling and cussing at each other. John Doe grabbed GARCIA's

arms and tried to get him out of the house. GARCIA had the knife from peeling the potatoes in his pocket and pulled it out and stabbed John Doe in the chest area. The next stab was to the neck and then continued stabbing John Doe in the chest and back. GARCIA left and went home.

13. The offenses described in this affidavit were committed within the exterior boundaries of the Navajo Tribe.

14. GARCIA is an enrolled member of the Navajo Tribe.

## CONCLUSION

15. Based on my training, experience, and the facts a set forth in this affidavit, I believe there is probable cause that violations of 18 U.S.C. §§1153 – Offenses committed within Indian country, and 1111(a) – Murder, was committed by GARCIA

16. Supervisory Assistant United States Attorney Kyle T. Nayback reviewed and approved this affidavit for legal sufficiency.

_____
Mark Spencer
Special Agent
Federal Bureau of Investigation

Subscribed and sworn before me this ___10th___ day of _March_ 2021

_____
United States Magistrate Judge

4